IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Ellison, | ) | |
| | ) | C/A No. 8:10-1458-MBS |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| State of South Carolina; Warden of | ) | |
| Campbell Pre-Release Center, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

On June 7, 2010, Petitioner William Ellison, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. At the time of filing, Petitioner was an inmate in custody of the South Carolina Department of Corrections. He was housed at the Campbell Pre-Release Center in Columbia, South Carolina. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr, and reassigned to Magistrate Judge Jacquelyn D. Austin, for pretrial handling.

This matter is before the court on Respondents' motion for summary judgment, which motion was filed February 21, 2012. On February 22, 2012, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences of failing to respond adequately. Petitioner filed a response in opposition to Respondents' motion on March 30, 2012.

On June 14, 2012, the Magistrate Judge issued a Report and Recommendation in which she recommended that Respondents' motion for summary judgment be denied and that Respondents provide additional briefing. Respondents filed objections to the Report and Recommendation on July 2, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

I. FACTS

Petitioner pleaded guilty on September 1, 1994 to an indictment charging him with carrying a pistol and possession with intent to distribute crack. ECF Nos. 48-6, 48-7. Petitioner received a suspended five year sentence on the drug charge, with two years probation and 150 hours community service. ECF No. 48-6. Petitioner received a suspended one year sentence on the weapons charge, with one year of probation. ECF No. 48-7. In May 1995, Petitioner was indicted for distribution of crack cocaine, in violation of S.C. Code Ann. § 44-53-370; and distribution of unlawful drugs within one-half mile of a school, in violation of S.C. Code Ann. § 44-53-445(A). Petitioner was found guilty by a jury on the distribution charge. A mistrial was declared after the jury was unable to reach a verdict on the distribution within proximity of a school charge.

Because the distribution conviction constituted Petitioner's second offense, he was subjected to enhanced penalties under S.C. Code Ann. § 44-53-375(B).[1] On May 24,1995, Petitioner was

---

[1] Under S.C. Code Ann. § 44-53-375(B) as promulgated at the time of Petitioner's offense, a person who possessed with intent to distribute, dispense, or deliver crack cocaine in violation of S.C. Code Ann. § 44-53-370 was guilty of a felony, and upon conviction:

> (1) for a first offense, must be sentenced to a term of imprisonment of not more than fifteen years and fined not less than twenty-five thousand dollars;
> 
> (2) for a second offense or if, in the case of a first conviction of a violation of this section, the offender has been convicted of any of the laws of the United States or of any state, territory, or district relating to narcotic drugs, marijuana, depressant, stimulant, or hallucinogenic drugs, the offender must be imprisoned for not more

2

sentenced to incarceration for a period of twenty-five years and fined $50,000. ECF No. 48-3, 35.

Petitioner timely appealed his 1995 conviction and sentence. The South Carolina Court of Appeals dismissed the appeal after review pursuant to Anders v. California, 366 U.S. 738 (1967), on July 18, 1996. ECF No. 48-9. The Remittitur was issued on August 20, 1996.

Petitioner filed an application for post-conviction relief (PCR) on November 7, 1996. ECF No. 58-2. An evidentiary hearing was held before the Honorable Thomas L. Hughston on April 3, 1998. ECF No. 48-2, 26-94. On June 8, 1998, the PCR judge issued an order denying relief and dismissing the PCR application. ECF No. 48-2, 103-04; ECF No. 48-3, 1-3. Petitioner timely appealed the PCR judge's decision and filed a petition for writ of certiorari. On August 18, 2000, the South Carolina Supreme Court denied the petition. ECF No. 48-12. The Remittitur was issued September 6, 2000.

Petitioner filed three additional PCR applications:

•   Petitioner filed a second PCR application on August 10, 2001. ECF No. 48-13. The second PCR application included challenges to both the 1994 and 1995 convictions. The Honorable Rodney A. Peeples dismissed the second PCR application on June 25, 2002, as successive under S.C. Code Ann. § 17-27-90, and barred by the one-year limitations period set forth in S.C. Code Ann. § 17-27-45(a). ECF No. 48-15.

•   On July 10, 2006, Petitioner filed a third PCR application. ECF No. 48-16. On September 27, 2011, the Honorable Edgar W. Dickson issued an order denying the third PCR application as successive and time barred. ECF No. 48-18.

•   On December 17, 2009, while the third PCR application was pending, Petitioner filed

---

than twenty-five years and fined not less than fifty thousand dollars[.]

3

a fourth PCR application. ECF No. 48-20. The Honorable Diane S. Goodstein issued a Conditional Order of Dismissal on August 5, 2010, finding that the fourth PCR application was successive and time barred. ECF No. 48-22. A final order of dismissal was issued on December 31, 2010. ECF No. 48-23.

## II. DISCUSSION

The § 2254 petition is governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996. In his § 2254 petition, Petitioner asserts the following grounds for relief:

> GROUND ONE: Did the trial judge error for using an invalid uncounseled prior conviction to enhance [Petitioner's] current sentence. [Petitioner] assert he was 17 yrs. old at the time of the crime, never been represented by counsel at my previous trial, totally was ignorant at the law and its process, taking advantage of by the prosecutor in that he was manipulated by extortion to accept a plea from the state. . . .
>
> GROUND TWO: Did the trial judge erred when considering an invalid prior simple poss. of crack conviction which cannot be used as a career offense or consider as a controlled substance for enhancement purpose. [Petitioner] was only 17 yrs old and not 18 yrs old at the time of the crime the offense was not a crime of violence or a controlled substance offense.
>
> GROUND THREE: [Petitioner's] prior simple poss of crack conviction is not a controlled substance offense for enhancement purpose. Controlled substance offenses are those under state and federal law prohibiting the intent to distribute or poss with the intent to distribute.

ECF No. 1-3, 5-8.

Respondents assert in their motion for summary judgment, among other things, that Petitioner's § 2254 petition is time barred by the applicable limitations period. Under 28 U.S.C. § 2244(d),

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

4

limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

According to Respondents, Petitioner's one-year period of limitation began on September 7, 2000, the day after the Remittitur was issued as to the supreme court's denial of the petition for writ of certiorari as to Petitioner's first PCR application.[2] Respondents contend that the limitations period was never tolled again under § 2244(d)(2) because Petitioner's second, third, and fourth PCR applications were not "properly filed" in state court.

A.  Magistrate Judge's Report and Recommendation

The Magistrate Judge concluded that Petitioner attacked both his 1994 conviction and 1995 sentence in his § 2254 petition. The Magistrate Judge noted that Respondent addressed the timeliness of the petition only with respect to Petitioner's 1995 sentence. The Magistrate Judge

---

[2] In the court's view, the limitations period commenced on August 21, 1996, after the supreme court issued the Remittitur from Petitioner's direct appeal, and then was tolled commencing with Petitioner's filing of his first PCR application on November 7, 1996. The limitations period then recommenced on September 7, 2000. This observation that approximately forty-six days of the limitations period expired in 1996 does not change the court's analysis, however.

determined that the record contained inadequate information regarding the 1994 proceedings for her to discern whether the § 2254 petition was untimely as to this earlier offense. The Magistrate Judge therefore recommended that Respondents' motion for summary judgment be denied and that Respondents be required to provide additional briefing as to whether Petitioner's claims as to his 1994 conviction were untimely.

The record reveals that on July 15, 2011, Petitioner filed a letter with the Office of the Clerk of Court indicating that he had been released from the Campbell Pre-Release Center. It further appears that Petitioner served a term of parole from June 30, 2011 until May 28, 2012. Based on this information, the Magistrate Judge observed that the § 2254 petition likely was moot because Petitioner was released from custody before the completion of the proceedings on his petition. See Lane v. Williams, 455 U.S. 624, 631 (1982) (finding that when a prisoner elects only to attack his sentence, and the sentence expires during the course of a proceeding, the case is moot). The Magistrate Judge noted that Respondents had raised no mootness argument in their motion for summary judgment. Concluding that further briefing would be beneficial, the Magistrate Judge recommended that Respondents' motion for summary judgment be denied and that Respondents be directed to file a supplemental motion addressing the timeliness and mootness issues.

B.   Respondents' Objections

Respondents assert that they construed Petitioner's § 2254 petition as challenging the collateral consequences Petitioner's 1994 conviction had on his 1995 sentence. Specifically, Respondents contend that the gravamen of Petitioner's § 2254 petition is that his 1994 conviction improperly was used by the trial judge as a prior offense under S.C. Code Ann. § 44-53-375(B) to enhance his 1995 sentence, such that Petitioner was subject to a maximum twenty-five year sentence

6

rather than a maximum fifteen-year sentence. Respondents state that they did not consider it necessary to undertake a timeliness analysis with respect to the 1994 conviction, because, from their perspective, Petitioner did not attack his 1994 conviction as unlawful.

As to the mootness question raised by the Magistrate Judge, Respondents argue that, at the time of the motion for summary judgment, a mootness analysis would not have been appropriate because Petitioner either was (1) "in custody" at Campbell Pre-Release Center at the time of filing, or (2) on parole, which serves as confinement for purposes of a § 2254 habeas petition, see Jones v. Cunningham, 371 U.S. 236, 242 (1963) (finding that parole involves significant restraints on a petitioner's liberty, and thus the petitioner remains "in custody" for purposes of federal habeas jurisdiction). However, Respondents agree with the Magistrate Judge's assessment that the within petition now is subject to a mootness analysis. Respondents contend that additional briefing is unnecessary, and that the court should either dismiss the § 2254 petition as moot, or, in the alternative, grant Respondents' motion for summary judgment.

C. Analysis

1. Timeliness of 1994 Challenge. The court concurs with the Magistrate Judge that, broadly construed, the § 2254 petition references attacks on both Petitioner's 1984 conviction and 1995 sentence. Although, as Respondents point out, Grounds One, Two, and Three appear to seek relief from the 1985 sentence, Petitioner elsewhere references the alleged illegality of his 1984 conviction. For example, in a portion of the § 2254 petition discussing the one-year limitations period, Petitioner states that his claims should not be barred because

> [t]he statute of limitation doesn't apply to a lingering invalid prior conviction that's currently affecting the [Petitioner]. He should have the right to challenge the outdated conviction in that no attorney was present during the conviction of such magnitude and where fundamental constitutional rights was violated in that

7

> [Petitioner] wasn't aware of the consequences of accepting the plea and his rights to confront witnesses. [Petitioner's] prior raise questions about the solicitor or prosecutor extortion in that if he didn't accept the plea he could be received the maximum sentence. . . . The suffering from collateral consequences of constitutional or unlawful conviction has the right to challenge the conviction to prevent manifest injustice even where removal of a prior conviction will have little present effect on the Petitioner.

ECF No. 1-3, 13.

In response to Respondents' motion for summary judgment, Petitioner appears to argue that during the 1994 proceedings he was not informed of the danger of self-representation and the basic rights appertaining to an accused. ECF No. 52, 2. In prior filings with the court, Petitioner indicates that his intent in filing the within § 2254 petition is to correct the 1995 sentence by invalidating the 1994 conviction. ECF No. 15. The court therefore will turn to the timeliness of Plaintiff's claims for federal habeas relief as to the 1994 conviction.

The AEDPA became effective on April 24, 1996. Petitioner had until April 24, 1997 to file for federal habeas relief. See Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998). There is no evidence to support a finding that the time for filing habeas relief has been tolled for at any time between April 24, 1996 and the present with respect to the 1994 conviction. To the extent Petitioner seeks to challenge his 1994 conviction, the court finds his claims to be time barred.

2. Mootness. Title 28, United States Code, Section 2254 provides that a court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody. O'Brien v. Moore, 395 F.3d 499, 505 (4th Cir. 2005). Petitioner has been

released from custody at the Campbell Pre-Release Center. He has completed his term of parole. The court concludes that Petitioner no longer is "in custody" as contemplated by § 2254. Petitioner has obtained the relief that he sought. Thus, to the extent Petitioner challenges his 1995 sentence, the within § 2254 petition is moot.

### III.  CONCLUSION

The court has thoroughly reviewed the record. The court declines to adopt the Report and Recommendation of the Magistrate Judge. For the reasons set forth hereinabove, the court concludes that Petitioner's § 2254 petition for writ of habeas corpus should be **denied as time barred** to the extent Petitioner challenges his 1994 conviction, and **denied as moot** to the extent he challenges his 1995 sentence.

### IV.  CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Petitioner has not made the requisite showing.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour  
Chief United States District Judge

Columbia, South Carolina

September 26, 2012.

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**